THE PORTO RICO COAL COMPANY y THE PORTO RICO LIGHTERAGE COMPANY, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, recurrido.

*Número:* C-64-3 *Resuelto:* 23 de octubre de 1964

*Hartzell, Fernández & Novas, y Héctor M. Laffitte,* abogados de los peticionarios; *Vicente Géigel Polanco, y Vicente Géigel Lanuza,* abogados de la interventora.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La querella presentada contra las peticionarias cubre dos períodos de tiempo a los cuales le son aplicables dos distintas disposiciones legales. El primer período comprende desde el 1ro. de enero de 1950 al 26 de junio de 1956 y se alega está cubierto por el Decreto Mandatorio Núm. 12 de la Junta de Salario Mínimo de Puerto Rico; el segundo período comprende desde el 26 de junio de 1956 al 31 de agosto de 1961 y se alega está cubierto por la Sec. 37-R de la Ley Núm. 96 de 26 de junio de 1956 (Pág. 721)—29 L.P.R.A. sec. 246i—Supl. Acum. 1963 (Pág. 194)—y la Sec. 6(f) adicionada a dicha Ley Núm. 96 por el Art. 1 de la Ley Núm. 103 de 25 de junio de 1958 (pág. 257)—29 L.P.R.A. sec. 245(e)—Supl. Acum. 1963 (pág. 156).

La ilustrada Sala sentenciadora llegó a la conclusión que era evidente la aplicación del Decreto Mandatorio Núm. 12 durante el primer período de la querella, ya que, resultó satisfactoriamente probado que los obreros rindieron su labor como marinos en el servicio de transporte de carga entre el puerto de San Juan y otros puertos de Puerto Rico, entre San Juan e Islas Vírgenes y San Juan y Nueva York, así como en el remolque, traslación o conducción de los barcos que entran y salen del puerto de San Juan. El servicio prestado es claramente servicio de transporte, o sea, de mover, trasladar o conducir maquinaria y otra mercadería de un puerto

a otro y de remolcar, trasladar o conducir las embarcaciones que entran al, y salen del, puerto de San Juan. Este servicio de transporte se ha prestado mediante el uso de remolcadores que son vehículos de motor.

En su recurso ante nos, las peticionarias alegan que el Decreto Mandatorio Núm. 12 no es de aplicación al transporte marítimo porque en la descripción de las tareas comprendidas y en la determinación de sus salarios, el decreto sólo especifica las clasificaciones y jornales generalmente aplicados a trabajos en ferrocarriles, camiones y a automóviles de servicio público y privado y no ha podido ser la intención de la Junta de Salario Mínimo, en una fase tan vital del transporte como es el transporte marítimo, dejar la aplicación del decreto al transporte marítimo sometida al riesgo de una mera implicación de tarea incidental; que es a partir del 26 de junio de 1956, fecha de la vigencia de la nueva Ley de Salario Mínimo, cuando por primera vez se define y reglamenta la industria del transporte marítimo.

En su redacción original, el Decreto Mandatorio Núm. 12 de 1946 establecía que: "El 'servicio de transporte' comprenderá, sin que ello se entienda como limitación, todo acto, proceso, operación, trabajo o servicio que sea necesario o incidental, o esté relacionado con la traslación o conducción de personas o cosas, desde un sitio a otro, por o en cualquier clase de vehículo de motor, incluyendo aquellos que corran por rieles." En la clasificación de los salarios se incluyen: empleados o trabajadores diestros, semidiestros y no diestros de ferrocarril; choferes de camiones de arrastre (*trailer* y *semitrailer*) de camiones, de ómnibus; de automóviles de servicio público incluyendo *taxis;* de automóviles de servicio privado; empleados y trabajadores diestros (excepto choferes) semidiestros y no diestros de cualquier otro vehículo de motor.

La Sec. 6(f) de la Ley de Salario Mínimo de Puerto Rico de 1956, adicionada por la Ley Núm. 103 de 25 de junio de 1958, dispone que: "Todo patrono dedicado a la Industria de

Transportación Marítima ('Shipping Industry') según la misma se define en la sección 37 de esta ley, pagará un salario que no será menor de un (1) dólar por hora, cuando el trabajo o servicio estuviere cubierto por la Ley de Normas Razonables de Trabajo de 1938, según enmendada." La Sec. 37 (R) de la Ley de Salario Mínimo de Puerto Rico de 1956 define así dicha actividad: "Industria de Transportación Marítima ('Shipping Industry') : comprenderá la transportación de pasajeros y carga por mar y todas las actividades en conexión con la misma, incluyendo pero sin que se entienda como limitación, las operaciones de porteadores comunes, por contrato, o privados; operaciones de estiba (incluyendo operaciones de estiba por contratistas independientes) ; y operaciones de almacenaje y remolque."

La importancia que tiene determinar la aplicabilidad del Decreto Mandatorio Núm. 12 a obreros que, como en este caso, son marinos es, que por tratarse de una industria cubierta por la Ley Federal de Normas Razonables de Trabajo, lo que determina el montante de la compensación, es la aplicabilidad a su vez, de la última salvedad del disponiéndose del Art. 5 de la Ley Núm. 379 de 15 de mayo de 1948. Dicho Art. 5 establece: "Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares; *Disponiéndose*, sin embargo, que todo patrono de una industria de Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables de Trabajo (*Fair Labor Standards Act*), aprobada por el Congreso de Estados Unidos de América en 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, sólo vendrá obligado a pagar por cada hora de trabajo en exceso de la jornada legal de ocho (8) horas o en exceso de cuarenta (40) horas a la semana un tipo de salario a razón de, por lo menos, tiempo y medio del tipo de salario convenido para las horas regulares, *salvo el*

*caso en que por decreto de la Junta de Salario Mínimo o con-*
*venio colectivo de trabajo se haya fijado o fijare otra norma*
*de trabajo o de compensación. . . ."* (Énfasis suplido.)

El Disponiéndose del Art. 5 arriba incluido puede considerarse como nuestra Ley local a ser aplicable a las industrias sujetas a la Ley Federal de Normas Razonables de Trabajo. En el caso de *Chabrán* v. *Bull Insular Line*, 69 D.P.R. 269 (Snyder) (1948) cita precisa a las págs. 294 y 296, analizando el contenido de la Sec. 18 de la Ley de Normas Razonables de Trabajo, llegamos a la conclusión, que en virtud de dicha Sec. 18 el Congreso expresamente permitió la existencia de leyes locales sobre salario mínimo y semana máxima de trabajo, si las leyes locales disponían normas más altas que las comprendidas en la Ley federal. Resolvimos: "Al aprobar la sección 18, el Congreso hizo constar claramente que no estaba apropiándose exclusivamente el campo de las normas en relación con horas y salarios en el comercio interestatal. Le concedió a los estados libertad de acción para establecer normas mayores que las comprendidas en la Ley Federal. La Ley sobre Normas Razonables del Trabajo suplanta la legislación local solamente en caso de que ésta [la legislación local] provea normas menores que la Ley Federal." De modo y manera que la única precaución que debemos tener para concluir cuál de las dos leyes prevalece en determinada situación de hechos, es decidir cuál resulta más beneficiosa al obrero: *Laborde* v. *Eastern Sugar Associates*, 81 D.P.R. 478 (Belaval) (1959) cita precisa las págs. 482–483 y 490.

Si bien es verdad que el disponiéndose del Art. 5 lo que trata es de reenactar en nuestra Ley local, para aquellas industrias cubiertas por la Ley Federal de Normas Razonables de Trabajo que operan en Puerto Rico, la fórmula federal de pagar las horas extras a tiempo y medio: *Olazagasti* v. *Eastern Sugar Associates*, 79 D.P.R. 93 (Marrero) (1956) cita precisa a la pág. 108; *Berríos* v.

*Eastern Sugar Associates*, 79 D.P.R. 688 (Marrero) (1956) cita precisa a la pág. 698, no es menos cierto que existen ·dos excepciones en que no se aplica la fórmula federal y sí se aplica la fórmula local de pagar las horas extras a doble tiempo, cuyas excepciones son: (1) cuando el salario correspondiente a la industria se haya fijado por decreto de la Junta de Salario Mínimo de Puerto Rico y (2) cuando el salario se haya acordado entre las partes en virtud de un convenio colectivo. En estas dos excepciones siempre regiría la Ley local porque ningún decreto de la Junta ni convenio colectivo puede tener un salario menor ni una jornada de trabajo mayor que los establecidos por las Leyes de Puerto Rico: Sec. 21 de la Ley Núm. 96 de 26 de junio de 1956 sobre salario mínimo—29 L.P.R.A. sec. 245(t) Supl. Acum. 1963 (pág. 170)—y el Art. 6 de la Ley Núm. 379 de 15 de mayo de 1948 para establecer la jornada de trabajo en Puerto Rico— 29 L.P.R.A. sec. 275 (pág. 493).

 Como en la querella presentada reclama el pago de horas extras un grupo de obreros, de una industria cubierta por la Ley Federal de Normas Razonables de Trabajo, clasificados como marinos, y como tales exentos de la aplicación de la Ley federal, es conveniente dejar aclarado, que bien se trate de la exención federal de una fase de la industria descrita—supuesto de la Sec. 7(c) *Laborde* v. *Eastern Sugar Associates*, supra, pág. 482—o de un grupo de obreros o empleados específicamente exemptuado—supuesto de la Sec. 13 párrafo 14; *Ortiz Reyes* v. *Eastern Sugar Associates*, 85 D.P.R. 95 (Per Curiam) (1962) cita precisa a la pág. 100; *Pan American* v. *Tribunal Superior*, 86 D.P.R. 139 (Blanco Lugo) (1962) cita precisa a la pág. 155 siempre sería aplicable a las tareas u obreros exemptuados el disponiéndose del Art. 5 por ser indudable que ante una exención de la Ley de Normas Razonables de Trabajo, que deja sin vigencia los efectos reparadores de un estatuto de horas y salarios resulta más bene-

ficiosa para el obrero o empleado la inclusión de los mismos en el estatuto local que mantiene intactos dichos efectos reparadores. Cuando se trate de obreros o empleados exentos por la Ley federal, en virtud del disponiéndose del Art. 5 de la Ley Núm. 379, tendrán derecho a recibir compensación a tiempo y medio por cada hora extra de acuerdo con la fórmula federal y si la industria ya está cubierta por un decreto de la Junta de Salario Mínimo o un convenio colectivo, tendrán derecho a recibir compensación a doble tiempo por cada hora extra, de acuerdo con la fórmula local.

■ La ilustrada Sala sentenciadora ordenó que se le compensara a los marinos, incluidos en la querella presentada contra las peticionarias, las horas extras trabajadas a razón de doble tiempo, por entender, en cuanto al primer período se refiere, que dichos marinos estaban cubiertos por el Decreto Mandatorio Núm. 12.

■ Restringiendo nuestro juicio a la cuestión estricta planteada, resolvemos, que el Decreto Núm. 12 de 1946, no le era aplicable a los marinos contratados por las peticionarias por no corresponder las tareas de dichos marinos a las tareas incluidas, expresa o implícitamente, en el Decreto Mandatorio Núm. 12, todas relacionadas con la industria del transporte terrestre, criterio que se robustece al considerar que la Ley de Salario Mínimo de Puerto Rico—Ley Núm. 96 de 26 de junio de 1956 según adicionada por la Ley Núm. 103 de 25 de junio de 1958—consideró el "transporte marítimo" como algo relacionado directamente con la conducción de pasajeros y cargas por *mar*, incluyendo las operaciones, tradicionalmente marítimas, de estiba, almacenaje y remolque, y en esa forma, distinto al transporte *terrestre* de carga descrito en el Decreto Mandatorio Núm. 38 de 19 de enero de 1958 que modificó el Decreto Mandatorio Núm. 12 de 1946. Sabido es que la forma más segura de determinar la aplicación de un decreto a una industria en particular, es establecer la correspondencia de las tareas principales especificadas por

el decreto con las tareas más destacadas y de mayor extensión que realiza el patrono. En cuanto a las tareas incidentales baste decir que son aquéllas comprendidas en las tareas principales, absorbidas por éstas en el proceso que caracteriza la industria, o sea, insuficientes por sí mismas para constituir una tarea principal por la cual pueda clasificarse la industria. Ejemplo: el trabajo incidental de un inspector de turnos en un negocio de transporte de pasajeros.

■ Como el Decreto Mandatorio Núm. 12 no le era aplicable a los marinos durante el primer período de la querella, es claro que sólo le corresponde el pago a tiempo y medio por cualquier hora extra trabajada de acuerdo con el disponiéndose del Art. 5.

En cuanto al segundo período de la querella la ilustrada Sala sentenciadora llegó a la conclusión que "a partir del 26 de junio de 1956 la *industria de transportación marítima* ha quedado establecida y reconocida en Puerto Rico, como una industria local, sujeta a las disposiciones de la Ley de Salario Mínimo de Puerto Rico y a los demás estatutos protectores del trabajo vigentes en esta jurisdicción, entre ellos, la Ley Núm. 379, aprobada en 15 de mayo de 1948, estableciendo la jornada de trabajo en Puerto Rico y proveyendo el pago de un tipo doble de salario por las horas trabajadas en exceso de la jornada legal", etc. La Ley Núm. 379 de 1948 determina en su Art. 2 que "ocho horas de labor constituyen la jornada legal de trabajo en Puerto Rico"; el Art. 4 define como horas extras de trabajo, "las horas que un empleado trabaje para su patrono en exceso de 8 horas durante cualquier período de 24 horas consecutivas" y el Art. 5 estatuye que "todo patrono que empleare o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un *tipo de salario igual* al doble del tipo convenido para las horas regulares". El Art. 5 de la citada Ley Núm. 379 tiene un *Disponiéndose* aplicable a todo patrono de una industria de Puerto Rico cubierta por las dis-

posiciones de la Ley de Normas Razonables de Trabajo (*Fair Labor Standards Act*), proveyendo el pago de las horas extras a razón de tiempo y medio. Este *disponiéndose* no se aplica a la Industria de Transportación Marítima, que emplea marinos, por la ya explicada razón de que la propia Ley de Normas Razonables de Trabajo excluye a los marinos de los beneficios del estatuto federal en cuanto a salario y horas de trabajo. Resulta así que la novena hora consecutiva de trabajo durante la cual rindieron servicios los querellantes a partir del 26 de junio de 1956 hasta el 31 de agosto de 1961, período que está cubierto por la definición de industria de la *Transportación Marítima* contenida en la Sec. 37-R de la nueva Ley de Salario Mínimo de 1956, debe pagarse a tipo doble, según se dispone en el primer párrafo del Art. 5 de la Ley Núm. 379 de 1948.

Las peticionarias alegan que el disponiéndose del Art. 5 exceptúa solamente los casos en que por decreto mandatorio de la Junta de Salario Mínimo o por convenio, se fijare otra norma para compensar horas extras y la Sec. 6(b) de la Ley de Salario Mínimo ni es un decreto ni es un convenio; porque de aceptarse el razonamiento de los interventores, se daría el caso que la Sec. 6 de la Ley de Salario Mínimo, habría enmendado el Art. 5 de la Ley Núm. 379 de 1948, ya que todas las industrias mencionadas en la Sec. 6 tendrían que pagar las horas en exceso de 8 al día y de 40 a la semana a tiempo doble, independientemente de que estuvieran dedicadas al comercio interestatal y de haberlo querido así la Legislatura de Puerto Rico todo lo que hubiera tenido que hacer era derogar el "disponiéndose" del Art. 5 de la Ley Núm. 379.

█ Por el contrario, los recurridos alegan que al establecer la Sec. 6(f) de la Ley de Salario Mínimo de Puerto Rico, un salario mínimo de un (1) dólar por hora para la industria del transporte·marítimo, equivale, en su significación legal y el propósito de reglamentación de dicha industria en cuanto a salarios a las determinaciones que suele hacer la Junta de

Salario Mínimo para otras industrias de Puerto Rico, con la circunstancia peculiar de que en este caso es la propia Asamblea Legislativa de Puerto Rico, creadora de la Junta de Salario Mínimo, la que hace la determinación del salario mínimo a pagarse en la Industria de Transportación Marítima y otra lógica derivación de esta situación de ley es que el *Disponiéndose* del Art. 5 de la Ley Núm. 379 de 15 de mayo de 1948, al estatuir que las industrias cubiertas por la Ley de Normas Razonables de Trabajo sólo pagarán las horas en exceso de 8 diarias o de 40 a la semana a razón de no menos de tiempo y medio, salvo el caso en que por *decreto* de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado o fijare otra norma de trabajo o de compensación, o de ambas, hace imperativa la interpretación de que la salvedad relativa a que por decreto de la Junta de Salario Mínimo se haya fijado otra norma de trabajo o de compensación incluya también la determinación que haya hecho la propia Asamblea Legislativa para una determinada industria, fijando la compensación mínima a pagarse como acontece en el caso de la industria de transportación marítima, o en otras palabras, que la determinación legislativa del salario mínimo para esta industria equivale a un decreto gubernativo de idéntica validez y alcance legal a un decreto de la Junta de Salario Mínimo.

Es indudable que la exención de la industria por la Ley de Normas Razonables de Trabajo, no juega ningún papel en este caso. Según hemos visto, la única consecuencia de una exención federal es dejarle el campo abierto en su totalidad a la legislación local, por resultar más beneficiosa la inclusión local que la exclusión federal. En cualquier forma que deba ser aplicado el *disponiéndose* del Art. 5 de la Ley Núm. 379 de 15 de mayo de 1948, en una situación como la que presenta este caso, realiza la función de una Ley local. Entonces, el pago por cada hora de trabajo en exceso de la jornada legal de ocho (8) horas o en exceso de cuarenta (40) horas a la

semana será a un tipo de salario a razón de, por lo menos, tiempo y medio del salario convenido para las horas regulares, "salvo el caso en que por decreto de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado o fijare otra norma de trabajo (horas) o de compensación (salarios), o de ambas (horas y salarios)". Obsérvese que lo regulado por el decreto de la Junta o el convenio colectivo pueden ser exclusivamente las horas de trabajo o puede ser el salario o pueden ser ambos.

En realidad de Derecho lo único que tenemos que resolver en este caso es si por haberse declarado el salario por la Asamblea Legislativa de Puerto Rico, varía la situación cubierta por la última salvedad del *disponiéndose* del Art. 5. Tratándose de una norma establecida por la misma autoridad que crea la Junta de Salario Mínimo, la misma resulta tan obligatoria como un decreto de dicha Junta y de acuerdo con el propio texto del Art. 5 que permite regular o el trabajo (horas) o la compensación (salarios) el caso no resulta inusitado ni la interpretación forzada. En este caso, las horas de trabajo son las establecidas por el disponiéndose del Art. 5 que es nuestra Ley local para las industrias cubiertas por la Ley Federal de Normas Razonables de Trabajo y el salario mínimo el establecido por la Asamblea Legislativa de Puerto Rico, en la Sec. 6 (b) adicionada a la Ley de Salario Mínimo de Puerto Rico por la Ley Núm. 103 de 25 de junio de 1958, o sea, a razón de un dólar por cada hora de trabajo, debiendo pagarse las horas extras en la misma forma que si se tratara de una industria cubierta por decreto, o sea, a razón de doble tiempo.

*Por las razones expuestas la sentencia del Tribunal Superior de Puerto Rico, Sala de San Juan de 22 de noviembre de 1963 se revocará en cuanto al período de tiempo que se dice cubierto por el Decreto Mandatório Núm. 12 y se modificará en cuanto al período de tiempo que se dice cubierto por*

*la Ley de Salario Mínimo de Puerto Rico de acuerdo con los términos de esta opinión.*