# 97 DTA 167

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**
**PANEL I**

CESAR JUAN ALMODOVAR MARCHANY, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO EN REPRESENTACION Y PARA BENEFICIO DE NOEL RIVERA RIVERA
Querellante-Apelado

v.

JOSE G. FLORES, INC.
Querellado-Apelante

Núm. KLAN-96-01149

San Juan, Puerto Rico, a 11 de agosto de 1997

Panel integrado por su Presidente, Juez Sánchez Martínez, y los Jueces Broco Oliveras y Urgell Cuebas

*Per Curiam*

## TEXTO COMPLETO DE LA SENTENCIA

Ante nosotros, José G. Flores, Inc. (en adelante *"el patrono o apelante"*), solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 1ro. de julio de 1996. La misma dispuso, ante una reclamación de salarios, que el cómputo de horas extras se hace a razón del doble del salario por hora regular.

Además, ordenó al apelante satisfacer la cantidad *"correspondiente"* sin determinar una suma exacta. Examinados los escritos de las partes y la sentencia apelada, revocamos.

### I

El Sr. Noel Rivera Rivera *("Rivera")* presentó una querella ante el Negociado de Normas del Trabajo *("el Negociado")* del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico *("el Departamento del Trabajo")*. Allí alegó que desde agosto de 1987 hasta septiembre de 1992 trabajó para el apelante, quien le adeuda salarios por concepto de horas extras trabajadas durante dicho período.

El Negociado realizó la investigación correspondiente y concluyó que el apelante pagó a Rivera la novena hora al doble del salario por hora y el resto de horas extras, en exceso de la novena, a tiempo y medio. ■ Siendo esto así, la investigadora del Negociado concluyó que el patrono pagó incorrectamente las horas extras debido a que debieron pagarse al doble del salario por hora.

El Secretario del Departamento del Trabajo radicó, al amparo de la Ley Núm. 2 de 17 de octubre de 1961 y la Ley Núm. 379 de 15 de mayo de 1948, según enmendadas, una querella en el tribunal de primera instancia. En la misma reclamó, en nombre y a favor del señor Rivera, los salarios por horas extras incorrectamente pagadas por el patrono querellado. Este último se opuso, porque había pagado correctamente las horas extras. Se celebraron dos conferencias con antelación al juicio. De la minuta de la primera conferencia se desprende que el tribunal apelado señaló la segunda conferencia para el 20 de junio de 1996 e intimó que *"[s]i se traen todos los cómputos y todos los documentos, se discutirá a los fines de terminar ese día"*.

Celebrada la segunda conferencia con antelación al juicio, el tribunal apelado entendió que no existía controversia sobre los hechos del caso y lo único que le restaba resolver era una controversia de derecho, a saber:

*"... si la industria de la parte demandada cae bajo el Decreto Número 12, o si, por el contrario, es aplicable el Art. 5 de la Ley 379 de 1948 según enmendada..."*

El tribunal no contestó expresamente la controversia planteada, ■ pero sí determinó que *"los cómputos de horas extras en este caso se han de hacer a razón del doble del tipo convenido por las horas regulares"*. A pesar de esto, el tribunal apelado no determinó la cantidad específica de la deuda del patrono hacia el señor Rivera.

Inconforme, el patrono presenta esta apelación y nos señala que *"el tribunal a quo erró al declarar con lugar la demanda en forma sumaria"* y *"resolver que la controversia en este caso se rige por lo resuelto en el caso de Porto Rico Coal Co. [infra] el cual fue expresamente revocado por Marrero Cabrera [infra]"*.

### II

En cuanto al primer señalamiento de error, no le asiste la razón al apelante. Como indicamos anteriormente, la querella fue incoada al amparo de la Ley 2 sobre reclamaciones laborales. Sobre la naturaleza del procedimiento dispuesto en ésta ley, nuestro Tribunal Supremo ha interpretado:

*"La esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más, en el [sic] cual la adjudicación final que*

*oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial."*

*Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 315-16 (1975); *Resto Maldonado v. Galarza Rosado*, 117 D.P.R. 458, 460 (1986); *Srio. del Trabajo v. J.C. Penney Co.*, 119 D.P.R. 660, 665 (1987).

De igual forma, dicha ley establece, además, que se aplicarán las Reglas de Procedimiento Civil de Puerto Rico en todo aquello que no conflija con las disposiciones específicas de la misma o con el carácter sumario del procedimiento establecido. Sec. 3, Ley 2, *supra*, 32 L.P.R.A. sec. 3120; *Díaz v. Hotel Miramar, supra*, a la pág. 321. En resumidas cuentas, la Ley 2 persigue trabar la contienda en su fondo lo más prontamente posible. *Matos Velázquez v. Proctor Manufacturing Corp.*, 91 D.P.R. 45, 50 (1964).

El apelante nos señala que al no haber una moción solicitando sentencia por las alegaciones o sentencia sumaria, el tribunal apelado estaba impedido de dictar sentencia sumariamente. Basa su argumento en las Reglas 8.4, 10.3 y 36.1 de las de Procedimiento Civil. 32 L.P.R.A. Ap. III, R. 8.4, R. 10.3 y R. 36.1. No nos convence.

La situación particular del caso de autos demuestra porqué no es aconsejable aplicar mecánicamente los métodos o mecanismos del ordenamiento procesal civil ordinario a un trámite especial sumario como el de reclamación de salarios. Lo importante no es si existía formalmente una solicitud formal de alguna de las partes para prescindir del juicio. La naturaleza sumaria del procedimiento de la Ley 2 justifica la iniciativa del tribunal *a quo* de resolver expeditamente y sin moción una controversia de estricto derecho. Lejos de tildar de errónea la decisión del tribunal de resolver la controversia sin más trámite ni dilaciones, debemos encomiar su proceder. A nuestro juicio, el tribunal de instancia cumplió con el mandato legislativo de procesar rápidamente las reclamaciones de salarios, según dispuesto en la Ley 2, y evitó que las Reglas de Procedimiento Civil menoscabaran la naturaleza sumaria de las reclamaciones bajo el palio de la susodicha ley.

### III

El segundo señalamiento de error nos conduce a interpretar lo dispuesto en el Art. 5 de la Ley 379, *supra*, 29 L.P.R.A. sec. 274, relacionado a la jornada máxima de trabajo y la compensación adicional por horas extras trabajadas. Veamos.

Antes de delimitar los contornos del derecho aplicable, es importante aclarar varios datos significativos de los hechos de la situación de autos. Primero, no hay controversia en cuanto a que el patrono-apelante está cubierto por la citada Ley Federal de Normas Razonables en el Trabajo. Segundo, la reclamación en el caso de marras se relaciona al pago de horas extras trabajadas por el señor Rivera, alegadamente mal pagadas. Y, tercero, de los autos surge que el patrono pagó la novena hora, en exceso de ocho horas diarias, al doble del salario por hora regular y el resto a tiempo y medio por hora.

También, para un mejor entendimiento de la decisión que hoy emitimos, debemos aclarar la verdadera controversia planteada en este recurso. El tribunal *a quo* definió la misma en términos de si aplicaba la Ley 379 o el Decreto Mandatorio Núm. 12 de la Junta de Salario Mínimo, para resolver la disputa en torno al tipo de salario a razón del cual se pagan las horas extras. Entendemos que dicha controversia puede generar confusión, ya que no tenemos duda de la aplicabilidad de la Ley 379 a la situación fáctica de marras. Sin embargo, ahí no concluye el análisis sobre la norma aplicable. Aún debemos indagar, dentro de las posibilidades provistas en el Art. 5 de la Ley 379, las normas específicas aplicables a los hechos que estamos considerando. En otras palabras, podemos replantear la controversia de la siguiente manera: De acuerdo con el Art. 5 de la Ley 379, ¿cuál es el salario mínimo por hora extra de trabajo que debe pagar un patrono cubierto por las disposiciones de la Ley Federal de Normas Razonables en el Trabajo?

El Art. 5 de la Ley 379, *supra*, 29 L.P.R.A. sec. 274, en lo pertinente dispone:

*"Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las*

*horas regulares; **Disponiéndose sin embargo que todo patrono de una industria en Puerto Rico cubierto por las disposiciones de la Ley de Normas Razonables de Trabajo (Fair Labor Standards Act, aprobada por el Congreso de los Estados Unidos de América en 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, sólo vendrá obligado a pagar por cada hora en exceso de la jornada legal de ocho (8) horas un tipo de salario a razón de, por lo menos, tiempo y medio del tipo convenido por horas regulares salvo el caso en que por decreto de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado otra norma de trabajo o compensación, o de ambas."* (Enfasis suplido)

En *Marrero Cabrera v. Caribbean Refining Co.*, 93 D.P.R. 250, 252 (1966), nuestro más alto foro, hablando sobre el citado Art. 5, expresó lo siguiente:

*"Es prudente hacer un resumen de las normas que rigen las industrias cubiertas por la Ley Federal de Normas Razonables del Trabajo en cuanto se refiere a la jornada de trabajo y compensación por labor extraordinaria para aclarar una vez más cualquier idea errónea sobre estos particulares. Helo aquí.*

*(1) La jornada de trabajo permitida en Puerto Rico a las industrias a las cuales se le aplica la [sic] Sec. 7(a) de la Ley Federal de Normas Razonables es de 8 horas diarias y 40 a la semana, y cualquier hora trabajada en exceso... se considerará labor extraordinaria, y como tal sujeta al pago de compensación adicional.*

*(2) Las horas extras trabajadas en exceso de 8 horas diarias o de 40 semanales en dichas industrias deben pagarse a razón de un tipo de salario de tiempo y medio del salario convenido para las horas regulares.*

*(3) Cuando por decreto de la Junta de Salario Mínimo... o por convenio colectivo se hubiere fijado o fijare una jornada de trabajo menor a las 40 horas o una compensación a un tipo mayor de tiempo y medio para las horas extras; o ambas, estas normas prevalecerán."*

De lo anterior resulta claro que una industria, a la cual le aplican las disposiciones de la Ley Federal de Normas Razonables del Trabajo, vendrá obligada, a pagar las horas como regla general, extras, al menos, a un tipo de salario de tiempo y medio del salario por hora regular. No obstante, si por decreto de la Junta de Salario Mínimo se dispone una compensación mayor para el pago de labor extraordinaria, ésta, y no la general, será la norma aplicable. 

Según lo antes expuesto, al patrono-apelante le aplica el *"disponiéndose"*, del Art. 5 de la Ley 379, *supra*, por estar cubierto por la Ley Federal de Normas Razonables en el Trabajo. Si éste está obligado a pagar las horas extras de sus empleados a razón de tiempo y medio del salario por hora regular, a menos que por decreto o por convenio se establezca una compensación mayor.

Conforme a lo anterior, debemos resolver si el Decreto Mandatorio Núm. 12 de la Junta es más beneficioso para el empleado que la regla general del *"disponiéndose"*. Aquel, en su Artículo IV, establece:

*"A. Horas Regulares y Extraodinarias*

*Ningún patrono hará o permitirá que el empleado trabaje: (1) más de 8 horas durante cualquier día, (2) más de 40 horas durante cualquier semana, (3) más de 8 horas consecutivas en cualquier período, a menos que le compense la labor realizada durante la novena hora a razón de no menos de dos veces, y la realizada en horas adicionales a la novena, a razón de no menos de vez y medio el tipo de salario que el empleado estuviere percibiendo; **Disponiéndose**, que el tiempo inactivo de espera exigido o consentido por el patrono se pagará a tiempo sencillo y cuando el período inactivo de espera sea de una hora o más no se considerará para el cómputo de la compensación por horas extraordinarias.*

*B. Ningún patrono podrá dividir en más de dos turnos la jornada de trabajo de cualquiera de sus trabajadores ni podrá establecer una separación mayor de 8 horas entre la terminación del primer turno y el comienzo del segundo. Las horas trabajadas durante un tercer turno o turnos sucesivos*

*durante el día, o las horas trabajadas en cualquier turno que comience después de 8 horas de terminado el primero, serán compensadas a razón de vez y media el tipo de salario que el obrero estuviere percibiendo."*

Observamos que la transcrita norma sobre el pago de horas extras es un poco confusa y, además, difícil de administrar. No obstante, estamos seguros de que el tipo de salario por hora extra más beneficioso posible, de acuerdo a la misma, es el doble del tiempo por la novena hora trabajada en exceso de ocho horas diarias, y el resto de horas extras a tiempo y medio. Ambas partes admiten que así fue que se le pagaron las horas al señor Rivera, por lo tanto se le pagó de la manera más beneficiosa posible.

La pretensión de la parte querellante-apelada es que las horas extras deben pagarse al doble del salario por hora regular. Esto equivaldría a descartar totalmente el *"disponiéndose"* del Art. 5 de la Ley 379, *supra*, derogando por fiat judicial una disposición estatutaria promulgada por la Asamblea Legislativa de Puerto Rico.

La parte querellante-apelada argumenta, además, que en *Marrero Cabrera v. Caribbean Refining Co....* se determinó que la Junta de Salario Mínimo tenía la facultad para fijar el salario mínimo... y la compensación por horas extraordinarias. Que la facultad de la Junta, se vio afectada por la Ley de Salario Mínimo, Núm. 96 de 26 de junio de 1956, a meramente fijar un salario mínimo, quitándole la facultad de fijar compensación por horas extraordinarias de labor. ■ Aún suponiendo que ésta sea la interpretación correcta de *Marrero Cabrera, supra*, en nada altera la norma general del *"disponiéndose"* del Art. 5 de la Ley 379. Nos explicamos.

Si la Ley Núm. 96 despojó a la Junta de su facultad de fijar horas extraordinarias de labor, bajo la cual promulgó el Decreto Núm. 12, en nada alteró el *"disponiéndose"* del Art. 5 de la Ley 379. Este continúa en todo su vigor y, a lo sumo, se alteró el *"... salvo caso que por decreto de la Junta de Salario Mínimo... se haya fijado otra norma de trabajo o compensación, o ambas".* Pero eso no es todo. De ser cierta la interpretación del querellante-apelado, entendemos que el patrono-apelante pagó de más al señor Rivera por las horas extras, porque no tenía que cumplir con lo dispuesto en un decreto promulgado sin facultad por la Junta. Sin embargo, a nuestro juicio está errada la interpretación propuesta.

Más adelante expresa que la controversia se circunscribe a determinar *"si las horas trabajadas en exceso de 40 horas semanal se deben pagar a tiempo y medio o por el contrario se deben pagar a un tipo de salario igual al doble del tipo convenido para las horas regulares".* ■ Como indicamos anteriormente, la sentencia apelada resolvió la anterior controversia al disponer que el patrono debió pagar las horas extras a razón del doble del salario por hora regular. No habiendo controversia en torno a que el patrono está cubierto por la Ley Federal de Normas Razonables en el Trabajo, erró el tribunal apelado.

Por todo lo anterior, revocamos la sentencia apelada y desestimamos la querella contra el apelante porque éste pago correctamente las horas extras trabajadas por el señor Rivera.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 97 DTA 167

**1.** *"Escrito de Alegato"*, Parte Querellante-Apelada, pág. 2. Véase, además, *"Moción Eliminatoria y Réplica al Alegato del Apelado"*, Parte Querellada-Apelante, pág. 6.

**2.** La sentencia apelada sólo hace una determinación de hechos que no hay controversia en cuanto a la paga básica ni en torno a número de horas extras, pero ninguna conclusión expresa de derecho. Fundamenta su determinación sobre el cómputo correcto de horas extras en lo resuelto en *Puerto Rico Coal Co. v. Tribunal*

*Superior,* 91 D.P.R. 89 (1964).

3. A esta excepción, célebre en nuestro ordenamiento laboral, se le llama *"el disponiéndose".* Establece, en tono grandilocuente, [sic] la obligación de pagar sobretiempo a tipo doble; disponiéndose, sin embargo..." *que no aplica a las industrias promovidas por Fomento a las que la "Fair Labor Standards Act" sólo le requería [sic] en los Estados Unidos, pago a tiempo y medio. Art. 5. Esta sección ilustra bien la tensión bipolar del modelo puertorriqueño (a) "fijar el salario más alto (b) que las condiciones económicas de la industria permitan".* Declaración de Principios de la Ley de Salario Mínimo... Salicrup, Pedro, *La política pública laboral puertorriqueña: Como factor de desarrollo económico social,* 54 Rev. Jur. Col. Abog. de P.R. 31, 58, Enero-Marzo, 1993, n. 172.

4. Aquellas industrias a las que no le aplican la referida ley federal están obligadas a pagar las horas extras a tiempo doble. Art. 5, Ley 379, *supra.*

5. *"Escrito de Alegato",* Parte Querellante-Apelada, pág. 5.

6. *Id.*