ALEJANDRINO ORTIZ REYES Y OTROS, demandantes y apelantes, *v.* EASTERN SUGAR ASSOCIATES (un *trust*) y su PRESIDENTE DON MANUEL A. DEL VALLE, demandados y apelados.

*Número:* 12752  *Resuelto:* 29 de marzo de 1962

---

96

*Vicente Géigel Polanco* y *Vicente Géigel Lanuza,* abogados de los apelantes; *Sifre, Ruiz Suria & Sifre,* abogados de los apelados.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: En 31 de diciembre de 1957, Alejandrino Ortiz Reyes y otros tres obreros que trabajaban como marinos a bordo de remolcadores que la querellada Eastern Sugar Associates utilizaba para la transportación marítima de caña de azúcar desde la Isla de Vieques a Punta Santiago, en Humacao, y al embarque para el exterior de azúcares y mieles, presentaron una querella en la cual reclamaban el pago de horas extras por el período comprendido entre enero 1 de 1957 y la fecha de radicación. En síntesis, demandaban (1) el pago de las horas trabajadas en exceso de ocho horas diarias a razón de tipo doble; y (2) el pago del salario semanal convenido que la empresa les había estado satisfaciendo desde el año 1943, y que se sustituyó por un salario fijo por hora a partir de febrero 16 de 1956.

Después de celebrada la vista del caso el tribunal a quo desestimó la querella al declarar con lugar dos defensas especiales levantadas por la querellada. Esta resolución sobre las defensas especiales es objeto de los dos únicos señalamientos de error que envuelve el presente recurso. ■

1. La empresa alegó con éxito la defensa de cosa juzgada contra la reclamación fundada en el pago del salario semanal convenido y que como hemos visto se sustituyó desde febrero de 1956 por un salario fijo por las horas realmente trabajadas. En cuanto a este particular se estableció que en 1956 los querellantes habían presentado las querellas que se registraron en la secretaría del Tribunal Superior, Sala de San Juan, bajo los números 56–448, 56–449, 56–450 y 56–451, interesando su reposición en el empleo y el pago de daños, todo ello bajo las disposiciones de la sección 19 de la Ley de Salario Mínimo de 1941, 29 L.P.R.A. sec. 230. Estas reclamaciones fueron desistidas con perjuicio, mediante esti-

pulación que fue aprobada por el tribunal en 21 de marzo de 1957 en la cual se hizo constar que los demandantes "habían transigido sus reclamaciones." [1]　No es necesario que consideremos si la defensa de cosa juzgada era procedente aun cuando la presente querella se refería a un período de prestación de servicios distinto a y no comprendido en las anteriores reclamaciones. [2]　Ello es así porque de todas formas los demandantes no pueden prevalecer en cuanto a este motivo de la causa de acción ejercitada, ya que según sostuvimos en *Limardo Costa* v. *Eastern Sugar Associates*, 84 D.P.R. 269 (1961), cuyos hechos y circunstancias son prácticamente iguales a los del presente caso, el cambio de trabajo no se debió a discrimen alguno del patrono sino a un propósito legítimo, o sea, la descontinuación de un contrato de trabajo que los tribunales habían resuelto era contrario a disposiciones expresas de ley.

2. En apoyo de su alegación de que las horas trabajadas en exceso de ocho horas diarias deben serle compensadas a razón de tipo doble, los querellantes alegan que siendo ellos marinos no están cubiertos por las disposiciones de la Ley Federal de Normas Razonables del Trabajo a virtud de la exención establecida para los marinos por el párrafo 14 de la sección 13 de dicha ley, 29 U.S.C.A. sec. 213; que no estando cubiertos los marinos por la citada ley federal, no

---

[1] La estipulación se refería principalmente a otras reclamaciones interpuestas por los obreros relacionadas con contratos frustrados tipo Belo.　Artículo 11 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 287; *Peña* v. *Eastern Sugar Associates*, 75 D.P.R. 304 (1953) confirmado en 222 Fed. 934 (1955); *Olazagasti* v. *Eastern Sugar Associates*, 79 D.P.R. 93 (1956); *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1956).

[2] El tribunal a quo sostuvo que la estipulación que sirvió de base a la sentencia por desistimiento tuvo el alcance de transigir no sólo el aspecto económico de las reclamaciones por "despido ilegal", sino también "las consecuencias jurídicas de tal acción." Cuando menos puede afirmarse que las sentencias de marzo de 1957 constituían un impedimento colateral, *Pereira* v. *Hernández*, 83 D.P.R. 160 (1961) y casos citados en el escolio 7 de dicha opinión.

son aplicables al presente caso las disposiciones del "Disponiéndose" del artículo 5 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 274, que provee que los patronos de industrias cubiertas por la referida ley federal *sólo* vendrán obligados a pagar a sus empleados las horas que trabajen en exceso de ocho diarias a tiempo y medio; que las labores que realizan los querellantes están cubiertas por la definición de la industria de transportación marítima contenida en la Ley de Salario Mínimo de 1956—división R de la sección 37 de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. (Supl. 1960) sec. 246i; y que no habiendo decreto alguno que cubra la industria de la transportación marítima, son aplicables a las labores que realizan los querellantes las disposiciones del artículo 4(a) que clasifica como horas extras las trabajadas en exceso de 8 diarias y aquellas del Artículo 5 que proveen la norma general de que las horas extras se pagarán a tipo doble. ▬

La dificultad con que se enfrenta esta posición de los apelantes es que según se deduce de las opiniones emitidas en *Olazagasti* v. *Eastern Sugar Associates*, 79 D.P.R. 93 (1956) y *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1952) el criterio para la aplicación del "disponiéndose" del artículo 5 de la Ley 379 no es si la labor particular que realiza el obrero está cubierta por la Ley Federal de Normas Razonables del Trabajo, sino si la industria dentro de la cual presta estos servicios está cubierta o no. Y en el presente caso, considérese como parte de la fase industrial de la industria azucarera o como parte de la industria de transportación marítima, las labores realizadas por los querellantes están comprendidas dentro del ámbito de la legislación federal por tratarse de actividades del comercio interestatal o en la producción de artículos para el comercio interestatal. Sección 1 de la Ley Federal de Normas Razonables del Trabajo, 29 U.S.C.A. sec. 201; *Berríos* v. *Eastern Sugar Associates,* supra, a la pág. 695. Todo cuanto resulta es que las

labores que desempeñan los querellantes están cubiertas por la ley federal pero que las disposiciones de dicha ley sobre salario mínimo y jornada de labor, secciones 6 y 7 (29 U.S.C.A. secs. 206 y 207) no les son aplicables a virtud de la exención establecida por el párrafo 14 de la sección 13 aludida. (³) Conviene recordar aquí que en *Olazagasti*, supra, indicamos que la intención de la Asamblea Legislativa de Puerto Rico al aprobar el "Disponiéndose" del artículo 5 de la Ley 379 fue que la Ley Federal de Normas Razonables rigiera en Puerto Rico con todas sus disposiciones, incluyendo todas las exenciones provistas en la misma, con la excepción de imponerles a los patronos de industrias cubiertas por la citada ley federal, la obligación de pagarles a sus empleados a tiempo y medio las horas trabajadas en exceso de ocho diarias. ▮

Los apelantes descansan en que en el caso de *Berríos*, supra, se trataba también de un marino y reconocimos que las horas extras trabajadas tenían que serle computadas a razón de tiempo doble. Sin embargo, tal resultado se obtuvo al aplicar el apartado B-2 (a) del Decreto Núm. 3 de la Junta de Salario Mínimo, que para la fecha a que se refería la querella cubría la labor que desempeñaba el querellante y proveía el pago de tipo doble. Como hemos indicado anteriormente, desde la aprobación de la Ley de Salario Mínimo de 1956, la actividad de transportación marítima está excluída del Decreto Núm. 3, y en ausencia de un decreto específico sobre esta industria de transportación marítima (⁴)

---

(³) El párrafo 14 fue enmendado por la sec. 9 de la Ley Pública 87–30 del Octogésimo Séptimo Congreso, 75 Stat. 65, para que lea: "Las disposiciones de las secciones 6 y 7 no serán aplicables a . . . (14) ningún obrero empleado como marino *en una embarcación que no sea de matrícula americana . . .*" Para el historial legislativo, véase *U. S. Code Congressional and Administrative News*, (1961) págs. 1349–1350.

(⁴) Desde el 19 de enero de 1958 rige el Decreto Núm. 38 de la Junta de Salario Mínimo, que cubre la industria de transportación, 29 R. & R. P. R. secs. 245n-601 a 604, pero este decreto por los términos de la

estableciendo un tipo más alto, sólo procede el pago de horas adicionales de labor a razón de tiempo y medio, que fue el tipo a que se les pagara por la querellada. Por tal razón, nada se les adeuda a los querellantes.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 26 de agosto de 1959.*

---

definición de industria no cubre la transportación marítima. El artículo 2, 29 R. & R. P. R. sec. 245n-602, lee como sigue:

"(*a*) La industria de transportación a la cual se aplica este decreto mandatorio se define como sigue:

"La 'industria de transportación' comprenderá, sin que ello se entienda como limitación, todo acto, proceso, operación, trabajo o servicio que sea necesario o incidental o esté relacionado con la traslación o conducción de personas o cosas, desde un sitio a otro, por o en cualquier clase de vehículo de motor, incluyendo aquellos que corran por rieles. No abarcará: (1) el transporte de productos agrícolas de la finca al mercado y de abastos del mercado a la finca que realice cualquier agricultor en vehículos de su propiedad; y (2) el que se realice por cualquier patrono en vehículos de su propiedad y bajo su administración para fines o en relación con su industria, si le fuera aplicable otro decreto mandatorio de la Junta de Salario Mínimo o cualquier orden de salario federal o si estuviere incluido en cualquier industria definida en la sec. 37 de la Ley de Salario Mínimo de Puerto Rico [29 L.P.R.A. sec. 246 i].

"(*b*) Las distintas clasificaciones de dicha industria tendrán el significado que a continuación se dispone:

"(1) 'Transporte terrestre de carga' incluye la transportación de toda clase de carga, por tierra.

"(2) 'Automóviles de servicio público' incluye la transportación de pasajeros, mediante retribución o pago, en vehículos de motor con capacidad de 10 pasajeros o menos (incluyendo los taxímetros) y el arrendamiento de automóviles con o sin chófer.

"(3) 'Empresas de ómnibus' incluye la transportación de pasajeros en ómnibus con capacidad para más de 10 personas, exceptuando al chófer.

"(4) 'Automóviles de servicio privado' incluye la transportación de personas en vehículos de servicio privado.

"(5) 'Otras' incluye la transportación de pasajeros en cualquier vehículo movido por motor, no incluida en las anteriores clasificaciones."

El Decreto Núm. 12, sobre la industria de servicio de transporte, 29 R. & R. P. R. secs. 245n-191 a 197, tampoco cubre la transportación marítima.