BULL INSULAR LINE, INC., peticionaria, *v.* TRIBUNAL SUPE-
RIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. J. M.
ALMODÓVAR, JUEZ, demandado; FRANCISCO CALDERÓN
ET AL., interventores.

*Número:* 2743      *Resuelto:* 2 de octubre de 1962

*Hartzell, Fernández & Novas* y *Vicente M. Ydrach,* abogados de la peticionaria; *Vicente Géigel Polanco* y *Vicente Géigel Lanuza,* abogados de los interventores.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y y Dávila.

158

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Al resolver ciertas cuestiones de derecho planteadas por las partes en un pleito sobre reclamación de salarios seguido contra la Bull Insular Line Inc., el Tribunal Superior concluye, entre otros extremos, que los querellantes, aquí intervertores, prestaron servicios a la Bull Insular Line Inc., como estibadores en la carga de azúcar a bordo de barcos consignados o pertenecientes a dicha compañía naviera en el período comprendido entre mediados de julio de 1947 y hasta fines de noviembre de 1956; que estos servicios se prestaron de conformidad con convenios colectivos negociados durante el curso del empleo y que todos los querellantes, a excepción de siete de ellos, habían trabajado por ajuste. También concluyó dicho Tribunal que la industria de la querellada está cubierta por la Ley Federal de Normas Razonables de Trabajo de 1938.

No hay controversia en cuanto a que los querellantes trabajaron horas en exceso de 8 diarias durante el curso del empleo a que se refiere la demanda y que tales horas extras fueron pagadas por la querellada a razón de tiempo y medio.

El Tribunal Superior resolvió, sin embargo, lo siguiente:

Que los trabajadores empleados por un patrono de una industria en Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables de Trabajo aprobada por el Congreso de los Estados Unidos de América el 25 de junio de 1938, y que trabajan a base de pieza, unidad de obra o por ajuste, tienen derecho a recibir doble compensación por las piezas o unidades hechas durante las horas extras.

Expedimos un auto de certiorari para revisar esta resolución.

Nos vemos precisados a interpretar nuevamente la Ley Núm. 379 de 15 de mayo de 1948,(1) especialmente el al-

(1) 29 L.P.R.A., secs. 271 a 288.

cance y efecto del *Disponiéndose* de su artículo 5 sobre las disposiciones del artículo 9, pues la cuestión jurídica que se plantea en este recurso, según lo admiten las partes, se limita a determinar si las horas extras trabajadas por los querellantes, aquí interventores, de 1947 a 1956 en labores por ajuste o unidad de obra deben compensarse a tipo doble, como lo dispone el Artículo 9 de la Ley 379 o/a razón de tiempo y medio, bajo los términos del *Disponiéndose* del Artículo 5 de dicha ley.

De la exposición de motivos contenida en el Artículo 1 de la Ley 379 se advierte que su objetivo principal es establecer la jornada legal de trabajo en Puerto Rico y proveer del pago de un tipo doble de salario para las **horas trabajadas** en exceso de la jornada legal. En **el artículo 2 se** establecen las horas que constituyen la jornada legal de trabajo por día, semana y mes. En el artículo 3 se definen las horas regulares de trabajo, que son, ocho **horas durante** cualquier período de veinticuatro horas consecutivas, cuarenta y ocho horas durante cualquier semana y doscientas ocho horas durante cualquier mes. El artículo 4 define las horas extras. Éstas son las que el empleado trabaja para su patrono en exceso de la jornada legal; las que trabaja en día u horas en que el establecimiento en que presta servicio deba permanecer cerrado al público por disposición legal, sujeto a las excepciones allí señaladas; las que trabaje durante el día de descanso fijado por ley cuando el establecimiento no estuviere sujeto al cierre; las que trabaje en exceso del máximo de horas fijadas en un Decreto Mandatorio de la Junta de Salario Mínimo o en un convenio colectivo de trabajo. El artículo 5, establece paga extra por horas extras. Dispone dicho artículo:

"§ 274.—Paga extra por horas extras

"Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares; *Disponiéndose, sin em-*

*bargo, que todo patrono de una industria de Puerto Rico cu-*
*bierta por las disposiciones de la Ley de Normas Razonables*
*de Trabajo, aprobada por el Congreso de Estados Unidos*
*de América en 25 de junio de 1938, según ha sido o fuere*
*subsiguientemente enmendada, sólo vendrá obligado a pagar*
*por cada hora de trabajo en exceso de la jornada legal de*
*ocho (8) horas o en exceso de cuarenta (40) horas a la*
*semana un tipo de salario a razón de, por lo menos, tiempo*
*y medio del tipo de salario convenido para las horas regu-*
*lares, salvo el caso en que por decreto de la Junta de Sa-*
*lario Mínimo o convenio colectivo de trabajo se haya fijado*
*o fijare otra norma de trabajo o de compensación, o de am-*
*bas. . . ."* (29 L.P.R.A., Sec. 274) (Subrayado nuestro.)

El art. 6 define lo que constituye un día de trabajo cuando
en un contrato de trabajo se estipule el salario por día, de-
biendo entenderse, salvo las excepciones que se mencionan,
que ocho horas constituyen un día de trabajo.   Si el salario
es semanal, cubre únicamente el pago de las horas regulares
de trabajo durante cada semana—artículo 7, y si es mensual,
cubre únicamente el pago de horas regulares de trabajo du-
rante cada mes—artículo 8.   Luego el artículo 9, que es el
que debemos de interpretar conjuntamente con el *Disponién-*
*dose* del artículo 5, dispone lo siguiente:

"Artículo 9.—Si el contrato es a base de trabajo por pieza
o por cualquiera otra unidad de obra, el empleado tendrá dere-
cho a recibir doble compensación por las piezas o unidades he-
chas durante horas extras."

El artículo 10 dispone el pago de compensación adicional
a base de tipo doble para las horas extras en las obras de
construcción, reconstrucción, reparación y mejora de propie-
dad por ajuste o precio alzado.   El artículo 12 consagra la
irrenunciabilidad de la compensación adicional a base de tipo
doble de salario para las horas extras y en el artículo 18 se
establecen penalidades para los patronos que dejen de pagar,
o induzcan y obliguen a empleados a renunciar a la com-
pensación a base de tipo doble de salario por horas extras,
o se valgan de fraude o subterfugio para no pagar, burlar,

negar o privar a un empleado del derecho a recibir un tipo de doble salario por horas extras.

Todas estas disposiciones hacen posible el logro de los claros propósitos de la Ley 379 de establecer una jornada más humana de labor, desalentar el empleo en horas extras y recompensar más justicieramente el esfuerzo del empleado cuando la jornada se prolonga.

La legislatura consideró que esta medida justiciera de compensación consistiría en el pago de un tipo doble de salario por las horas extras trabajadas, ya se hubiere estipulado un salario diario, semanal o mensual. Los artículos 6, 7 y 8 disponen respectivamente que si el empleado trabaja por un salario diario, semanal o mensual, el salario estipulado cubrirá únicamente el pago de las horas regulares de trabajo, que son como ya hemos visto, las definidas en los artículos 2 y 3. Pero como algunas industrias y patronos no siempre estipulan el salario en esa forma sino que contratan a base de trabajo por pieza, o por cualquier otra unidad de obra o por ajuste, hacía falta disposiciones en la ley para que en el trabajo realizado bajo tales contratos se pagase al empleado doble compensación por las piezas o unidades hechas durante horas extras, o labor realizada durante dichas horas cuando el contrato sea por ajuste o precio alzado. A esos fines responden los artículos 9 y 10 los que complementan las demás disposiciones de la Ley para cubrir toda clase de contrato usual de trabajo, en lo que respecta al pago de tipo doble de salario por horas extras.

Como ya hemos visto el artículo 5 dispone que "[t]odo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares". Inmediatamente sigue el *Disponiéndose* que exceptúa del pago de este tipo de salario doble a las industrias en Puerto Rico cubiertas por las disposiciones de la Ley de Normas Razonables de Trabajo aprobada por el Congreso de Estados Unidos de América en 1938, las

que sólo vendrán obligadas a pagar por cada hora de trabajo en exceso de 8 horas al día o de 40 horas a la semana, un tipo de salario a razón de, por lo menos, tiempo y medio del tipo de salario convenido para las horas regulares, salvo cuando un decreto de la Junta de Salario Mínimo o un convenio colectivo de trabajo dispongan otra cosa.

El Tribunal Superior resolvió que esta excepción no se aplica a las industrias en Puerto Rico cubiertas por la Ley Federal de Normas Razonables de Trabajo cuando el trabajo se realiza por piezas u otra unidad de obra. ■

Indudablemente que esa es una interpretación literal del artículo 9, tomado aisladamente, sin considerar las demás disposiciones de la Ley 379, ni la intención legislativa al incluir el *Disponiéndose* del artículo 5. Tal interpretación literal del artículo 9 conduce a establecer una diferencia irrazonable entre el tipo de salario que dichas industrias deben pagar por las horas extras cuando el salario convenido es diario, semanal o mensual y el que deben pagar por labor realizada en horas extras, cuando el contrato de trabajo es por piezas u otra unidad de obra. ■

La política clara de la Ley 379 es que las horas extras se paguen a tipo doble, bien el salario convenido sea diario, semanal o mensual o ya se pague por piezas o unidad de obra. Esto es así, independientemente de la posición que ocupen en el estatuto las distintas disposiciones que regulan la materia. Por ello, aparte de otras razones que expondremos más adelante, nos parece incorrecta la interpretación dada por el Tribunal Superior al *Disponiéndose* del artículo 5 limitando la excepción a los casos en que el salario convenido sea diario, semanal o mensual. ■

Generalmente la misión de un *Disponiéndose* es establecer una excepción a las disposiciones generales de un estatuto o a algunas de éstos, o cualificarlos o modificarlos en algún particular. Como regla general el *Disponiéndose* se limita o constriñe a la cláusula o porción del estatuto que inmediatamente le precede. Sin embargo no siempre puede apli-

carse esta regla porque la posición que ocupe el *Disponiéndose* no es decisiva ni puede prevalecer sobre la obvia intención legislativa apercibida del contexto del estatuto y de todas las disposiciones relacionadas con la materia en cuestión. Por esa razón es posible que la cláusula de un *Disponiéndose* se aplique a aquellas disposiciones que le siguen o a todo el estatuto en general.(²)

Para dar efectividad real a la intención del legislador, es nuestro deber leer el artículo 5 conjuntamente con las demás disposiciones del estatuto, tanto las que le preceden como las que le siguen.

En *Olazagasti* v. *Eastern Sugar Associates*, 79 D.P.R. 93, dijimos que el historial legislativo de la Ley 379 demostraba que el *Disponiéndose* del artículo 5 fue insertado en dicha ley para atemperar el estatuto local a la Ley Federal. En esa forma se colocaba a las industrias en Puerto Rico dedicadas al comercio interestatal en posición de igualdad competitiva con aquellas industrias de Estados Unidos también cubiertas por la Ley Federal de Normas Razonables de Trabajo, y a las cuales sólo se les exige el pago de tiempo y medio por horas extras trabajadas. Ningún argumento nos ha convencido de que nuestra legislatura intentara atemperar la ley local al estatuto Federal, solamente en parte, en lo que respecta al pago de salarios por horas extras, y excluyera, en su propósito de atemperar un estatuto con el otro, el trabajo por piezas u otra unidad de obra. Por el contrario resolvemos que el *Disponiéndose* del art. 5 de la Ley 379 es aplicable a las industrias en Puerto Rico cubiertas por la Ley Federal de Normas Razonables de Trabajo lo mismo cuando en el contrato de trabajo se conviene un salario diario, semanal o mensual, que cuando se conviene uno por piezas u otra unidad de obra.

*En su consecuencia, se revocará la resolución recurrida.*

---

(²) Véase, Crawford, *Statutory Construction*, Sec. 297 y siguientes, pág. 604; 34 A., *Words & Phrases*, pág. 592 y siguientes.