C. BREWER PUERTO RICO, INC., peticionaria, *v.* TRIBUNAL
SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON.
MANUEL A. MOREDA, JUEZ, demandado; PEDRO PÁEZ
PÉREZ y otros, interventores.

*Número:* C-65-123      *Resuelto:* 11 de marzo de 1966

*Sifre & Ruiz Suria* y *Baltasar Corrada del Río,* abogados de la
peticionaria; *Vicente Géigel Polanco* y *Vicente Géigel Lanuza,*
abogados de los interventores.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimen-
tel como Presidente de Sala y los Jueces Asociados Señores
Hernández Matos, Rigau y Dávila.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Los obreros reclamantes trabajaron desde el 1948 al 1957 en la transportación de sacos de azúcar desde el muelle en Punta Santiago hasta el costado de los barcos anclados en el puerto de Humacao. Una distancia de aproximadamente una milla. Trabajaban por ajuste consignándose en el convenio celebrado entre las partes que cuando la labor se extendiese más allá de las ocho horas que constituye la jornada diaria regular se pagaría una suma equivalente a vez y media el tipo convenido para la labor realizada durante las primeras ocho horas. Igual estipulación se hizo para el trabajo realizado los domingos y días feriados.

La demandada pagó según lo estipulado en el convenio pero no aplicó la disposición del pago extra cuando la labor se realizaba el séptimo día de la semana de trabajo.

Los reclamantes alegan que lo estipulado es nulo pues el Decreto Mandatorio Núm. 3 de la Junta de Salario Mínimo establece "que la transportación del azúcar cuando sea hecha por las centrales, se considerará como parte de la fase industrial" (29 R.&R.P.R. sec. 245n–32(2)) y ordena que el trabajo realizado en horas en exceso de la jornada regular diaria se pagará al doble del tipo establecido para las horas regulares.

Las partes, mediante estipulación, sometieron la cuestión al tribunal de instancia. La resolución dictada establece que deberán pagarse a tipo doble la labor realizada en horas en exceso de ocho diarias y el trabajo realizado durante el séptimo día. Acordamos revisar esta resolución.

La contención de la corporación demandada es que el trabajo realizado por los reclamantes no está cubierto por las disposiciones del Decreto Mandatorio Núm. 3. Sostiene que a pesar de que en el mismo se establece que la transportación del azúcar cuando sea hecha por las centrales se considerará como parte de la fase fabril de la industria azucarera, no cubre la labor realizada por los obreros querellantes. Alega

que esa disposición sólo se refiere a transportación terrestre.

No vemos la justificación para hacer tal distinción. Nada en el decreto nos autoriza a ello. En *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1956) se nos planteó la misma cuestión. Allí el demandante además de trabajar en el remolcador que traía las cañas de Vieques "la embarcación en que trabajaba también tiraba de barcazas cargadas de azúcar desde el muelle de Punta Santiago hasta el vapor que la recibía anclado en dicho puerto". Resolvimos que se aplicaba el Decreto Mandatorio Núm. 3. Y en *Ortiz Reyes* v. *Eastern Sugar*, 85 D.P.R. 95 (1962) a la pág. 100, expresamos:

> "Los apelantes descansan en que en el caso de *Berríos*, supra, se trataba también de un marino y reconocimos que las horas extras trabajadas tenían que serle computadas a razón de tiempo doble. Sin embargo, tal resultado se obtuvo al aplicar el apartado B-2(a) del Decreto Núm. 3 de la Junta de Salario Mínimo, que para la fecha a que se refería la querella cubría la labor que desempeñada el querellante y proveía el pago de tipo doble."

■ Establecido que a los reclamantes les es aplicable el Decreto Mandatorio Núm. 3 hasta la fecha de vigencia de la Ley de Salario Mínimo de 1956, ya que desde entonces la actividad de transportación marítima está excluida de ese decreto, *Ortiz Reyes* v. *Eastern Sugar*, supra, procede liquidarle hasta esa fecha la labor realizada durante la zafra en exceso de ocho horas diarias y de cuarenta y ocho semanales al doble del tipo convenido para la labor realizada durantes las horas regulares.[1] Durante el "tiempo muerto" procede liquidarle el trabajo realizado en exceso de ocho diarias al tipo doble del convenido para las horas regulares y a tipo y medio la labor realizada en exceso de 40 a la semana.[2]

---

[1] El Art. 9 de la Ley Núm. 379 de 1948 dispone:

"Si el contrato es a base de trabajo por pieza o por cualquiera otra unidad de obra, el empleado tendrá derecho a recibir doble compensación por las piezas o unidades hechas durante horas extras."

[2] Dispone así el Decreto Mandatorio sobre horas de labor en la fase fabril de la industria azucarera:

"(a) Diarias. Ningún patrono empleará a trabajador alguno en la

*Se anula el auto expedido y se devuelve el caso al tribunal de instancia para ulteriores procedimientos consistentes con esta opinión.*

fase industrial de la industria del azúcar por más de 8 horas en cualquier período de 24 horas a menos que dicho trabajador o empleado reciba compensación por su trabajo en exceso de dichas 8 horas a razón de tiempo doble el tipo mínimo de salario aplicable de acuerdo con la escala establecida en la sec. 245n–27 de este título.

"(b) Semanales. Ningún patrono empleará a trabajador alguno en la fase industrial de la industria del azúcar durante el llamado 'tiempo muerto' por más de 40 horas en cualquier semana de trabajo, a menos que dicho trabajador reciba compensación por su trabajo en exceso de dichas 40 horas a razón de tiempo y medio el tipo mínimo de salario aplicable de acuerdo con la escala establecida en la sec. 245n–27 de este título." (29 R.&R.P.R. 245n–28.)