ORLANDO VEGA y OTROS, demandantes y recurridos, *v.* YIYI MOTORS, INC., demandado y peticionario.

*Número:* CC-97-276 *Resuelto:* 30 de junio de 1998

*José J. Santiago Meléndez, Pedro J. Manzano Yates, Carlos A. Padilla Vélez* y *José R. Negrón Fernández*, de *Fiddler, González & Rodríguez*, abogados de la peticionaria; *David Rosado Cruz* y *Luis M. Rosado Velázquez*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

La peticionaria, Yiyi Motors, Inc., nos pide que revisemos la sentencia emitida por el Tribunal de Circuito de Apelaciones([1]) el 31 de marzo de 1997. Allí se dictaminó que la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 *et seq.*) provee para el pago de horas extras por las horas trabajadas en exceso de cuarenta (40) horas semanales, aun cuando se trata de empresas o empleados expresamente exentos de dicho pago por la Ley Federal de Normas Razonables del Trabajo (*Fair Labor Standards Act*).([2]) Concluimos que el tribunal a quo se equivocó en dicha parte de su dictamen, por lo que modificamos.

I

El 17 de agosto de 1995, Orlando Vega presentó una querella([3]) contra su ex patrono, Yiyi Motors, Inc. (en adelante Yiyi Motors) y reclamó el pago por las horas extras y el período de tomar alimentos, más una indemnización por despido injustificado. Luego de contestar la querella y plantear como defensa que el querellante estaba exento del pago de las horas extras y el período de tomar alimentos, Yiyi Motors presentó([4]) una solicitud de sentencia sumaria

---

([1]) En los Casos Núms. KLAN-96-00478, KLAN-96-00479, KLAN-96-00480, KLAN-96-00505, KLAN-96-00881, KLAN-96-00616 y KLAN-96-00744, los cuales fueron consolidados por dicho tribunal.

([2]) 29 U.S.C. sec. 201 *et seq.*

([3]) Ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

([4]) El 6 de octubre de 1995.

parcial para desestimar la reclamación de horas extras. Argumentó que, por la querellada estar en el comercio interestatal,([5]) el querellante estaba exento del pago de las horas extras en virtud de lo dispuesto en la Ley Federal de Normas Razonables del Trabajo (en adelante F.L.S.A. por sus siglas en inglés), 29 U.S.C. sec. 201 *et seq.*, la cual, alegaba, tiene supremacía sobre la Ley Núm. 379, *supra*.

El querellante se opuso a la solicitud de sentencia sumaria. Sostuvo que no le asistía la razón a Yiyi Motors porque el propósito del F.L.S.A. fue uniformar las escalas de salario de la mayor parte de los empleados para evitar los conflictos que surgían de una fuerza laboral mal pagada y porque en ningún momento se incluyó en dicho estatuto una disposición expresa de ocupar el campo.

El 29 de marzo de 1996 se celebró una vista en la que las partes tuvieron la oportunidad de argumentar sus respectivas posiciones en torno a la solicitud presentada de sentencia sumaria. Luego de evaluar los escritos y argumentos de las partes, el foro de instancia declaró con lugar la solicitud de sentencia sumaria a favor de Yiyi Motors. Dicho foro concluyó que Yiyi Motors era una empresa dedicada al comercio interestatal, que estaba cubierta por las disposiciones del F.L.S.A. y que por tal razón le aplicaba al querellante la excepción del pago de horas extras que establece la referida ley para los vendedores de autos.([6]) El foro de instancia determinó que la ley federal prevalecía sobre la ley local por estar esta última en conflicto con la política pública federal.

Inconforme, el querellante acudió ante el Tribunal de Circuito de Apelaciones. Dicho foro consolidó la apelación con otras apelaciones que tenía pendientes sobre el mismo asunto. Luego de los trámites apelativos de rigor, el Tribu-

---

([5]) Yiyi Motors, Inc. (en adelante Yiyi Motors) se dedica a la venta de automóviles importados de Japón. Su volumen de ventas sobrepasa los quinientos mil dólares ($500,000) anuales.

([6]) 29 U.S.C. sec. 213(b)(10)(A).

nal de Circuito de Apelaciones revocó la sentencia del Tribunal de Primera Instancia. El foro apelativo concluyó que el Congreso no tuvo la intención de ocupar el campo al aprobar el F.L.S.A. Además, señaló que no existía conflicto alguno entre la ley federal y la local, ya que lo que ésta hacía era conceder más beneficios que la federal, cosa que la ley federal permitía. Devolvió el caso al Tribunal de Primera Instancia para procedimientos ulteriores compatibles con lo allí resuelto.

Inconforme, Yiyi Motors acude ante nos mediante un recurso de *certiorari* y señala la comisión de los errores siguientes:

> *Erró grave y manifiestamente el honorable Tribunal de Circuito de Apelaciones al no considerar el propósito congresional al establecer las exenciones contenidas en el Fair Labor Standards Act.*
>
> *Erró grave y manifiestamente el honorable Tribunal de Circuito de Apelaciones al concluir que no existe conflicto entre la aplicación de la Ley 379 y el propósito del Congreso de los Estados Unidos al establecer la exención de los vendedores de automóviles y, por consiguiente, resolver que la legislación federal no había ocupado el campo.* (Énfasis suplido.) Petición de *certiorari*, pág. 6.

Mediante nuestra Resolución de 30 de junio de 1997 expedimos el auto de *certiorari* para revisar la decisión emitida. Presentados los autos, las partes han presentado sus alegatos, por lo que estamos listos para resolver.

II

Por estar íntimamente relacionados, procedemos a discutir conjuntamente los dos (2) señalamientos de error.

■ El F.L.S.A. fue aprobado con el propósito de eliminar las pésimas condiciones de trabajo entonces prevalecientes, que impedían el logro de unos niveles mínimos de bienestar para los trabajadores de industrias en el comercio interestatal. Para lograr estos objetivos, el F.L.S.A. es-

tablece un salario mínimo por hora y una jornada máxima semanal de trabajo, luego de la cual el patrono incurre en la obligación de pagar de modo extraordinario las horas trabajadas en exceso del máximo establecido.[7]

La referida ley, sin embargo, excluye de su aplicación a ciertos empleados e industrias. En lo pertinente al caso de autos, se excluyó de la obligación del pago extraordinario por horas trabajadas en exceso de cuarenta (40) horas semanales[8] a "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a non manufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers".[9] Es en virtud de esta disposición que el recurrente alega que los recurridos no tienen derecho al pago extraordinario por las horas extras trabajadas. Arguye que el Congreso ocupó el campo y que cualquier legislación estatal en contrario es inválida.

▬▬▬ La doctrina del campo ocupado surge del Art. VI, Sec. 2 de la Constitución de Estados Unidos. Dicha doctrina postula, en síntesis, que en caso de existir algún conflicto entre una ley estatal y una federal, ha de prevalecer ésta sobre aquélla.[10] La intención de ocupar el campo ha de surgir de alguna de dos (2) formas: explícitamente en el estatuto o implícitamente en la estructura y el propósito de la ley.[11] Examinado el F.L.S.A., no surge expresión alguna que sugiera una intención congresional de suplantar o pro-

---

[7] Véase 29 U.S.C. sec. 202; S. Rep. 145, publicado en 1961 U.S.Code Congressional and Administrative News, T. 2, pág. 1625.

[8] Según definidas en dicha ley.

[9] 29 U.S.C. sec. 213(b)(10)(A).

[10] Siempre y cuando la ley federal haya sido válidamente aprobada. *Maryland v. Louisiana*, 451 U.S. 725 (1981); *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977); *Huron Portland Cement Co. v. City of Detroit et al.*, 362 U.S. 440 (1960).

[11] *Pacific Gas & Elec. v. Energy Resources Comm'n*, 461 U.S. 190 (1983); *Jones v. Rath Packing Co.*, supra; *City of Burbank v. Lockheed Air Terminal*, 411 U.S. 624 (1972).

hibir la legislación estatal en el área que nos ocupa. Todo lo contrario, la Sec. 18 del F.L.S.A. dispone, en lo pertinente, que:

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter ....[12]

El texto antes transcrito contradice las alegaciones de la peticionaria en cuanto a la doctrina de la ocupación del campo. Así también, es pertinente indicar que las cortes federales se han enfrentado a este problema anteriormente. A esos efectos han resuelto que el F.L.S.A. no prohíbe que los estados legislen para conceder mayores beneficios a los empleados cubiertos por dicha legislación federal, incluso a los empleados excluidos de sus beneficios.[13]

No es la primera vez que llegamos a esta conclusión. Anteriormente hemos dispuesto que, en cuanto la legislación local sea más beneficiosa para el empleado, no habrá conflicto entre ésta y el F.L.S.A. *Marrero Cabrera v. Caribbean Refining Co.*, 93 D.P.R. 250 (1966); *Porto Rico Coal Co. v. Tribunal Superior*, 91 D.P.R. 89 (1964), revocado por otros fundamentos en *Marrero Cabrera v. Caribbean Refining Co.*, supra; *Trinta v. Tribunal Superior*, 87 D.P.R. 400 (1963); *Bull Insular Line v. Tribunal Superior*, 86 D.P.R. 156 (1962); *Pan American v. Tribunal Superior*, 86 D.P.R. 139 (1962); *Ortiz Reyes v. Eastern Sugar*, 85 D.P.R. 95 (1962); *Laborde v. Eastern Sugar Associates*, 81 D.P.R. 478 (1959); *Berríos v. Eastern Sugar Associates*, 79 D.P.R. 688 (1956); *Olazagasti v. Eastern Sugar Associates*, 79 D.P.R. 93 (1956); *Peña v. Eastern Sugar Associates*, 75 D.P.R. 304

---

[12] 29 U.S.C. sec. 218(a).

[13] *Agsalud v. Pony Exp. Courier Corp. of America*, 833 F.2d 809 (9no Cir. 1987); *Pettis Moving Co., Inc. v. Roberts*, 784 F.2d 439 (2do Cir. 1986); *Williams v. W.M.A. Transit Company*, 472 F.2d 1258 (D.C. 1972).

(1953); *Chabrán v. Bull Insular Line, Inc.*, 69 D.P.R. 269 (1948).

■ Dados los fundamentos anteriormente expuestos, es forzoso concluir que, en tanto en cuanto una ley estatal sea más beneficiosa para el empleado que las disposiciones del F.L.S.A., la ley federal no impide la aplicación de aquélla por no estar en conflicto ambas leyes. Los propósitos de ambas legislaciones son, en dichas circunstancias, perfectamente armonizables.

## III

■ En nuestra jurisdicción, el derecho al pago de las horas extras trabajadas tiene su sustrato fundamental en la Sec. 16 del Art. 1 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1. Dicha disposición constitucional establece que sólo podrá trabajarse en exceso del límite diario de ocho (8) horas mediante una compensación extraordinaria que nunca será menor de una vez y media del tipo de salario ordinario, según se disponga por ley.

Es preciso señalar que el caso de autos contiene reclamaciones tanto por las horas trabajadas en exceso de ocho (8) horas diarias como por las horas trabajadas en exceso de cuarenta (40) horas semanales.

■ Sobre la reclamación por el pago de las horas extras trabajadas en exceso de ocho (8) horas diarias, no cabe duda de que nuestro sistema legal exige que se paguen de manera extraordinaria,[14] a por lo menos tiempo y medio.

---

[14] La Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 *et seq.*) coincide con el requisito constitucional al requerir el pago a tiempo doble en las industrias no cubiertas por el *Fair Labor Standards Act* (en adelante F.L.S.A.), y a tiempo y medio a las cubiertas. La Sec. 16 del Art. II de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, exige una compensación extraordinaria por las horas trabajadas en exceso de ocho (8) horas diarias a razón de, por lo menos, una vez y media el tiempo dispuesto para las horas regulares. *Ortiz Reyes v. Eastern Sugar*, 85 D.P.R. 95 (1962).

Sin embargo, el F.L.S.A. no requiere el pago extraordinario de las horas trabajadas en exceso de ocho (8) horas diarias ni impone una jornada diaria máxima.

Siendo las disposiciones locales más beneficiosas para el obrero que el F.L.S.A. en este asunto, aplica el requisito estatal del pago extraordinario por las horas trabajadas en exceso de ocho (8) horas diarias, en este caso, a tiempo y medio.

## IV

La discusión anterior, sin embargo, no dispone de la controversia ante nos. Es menester dilucidar otro asunto: si la Ley Núm. 379, *supra*, dispone para el pago extraordinario por las horas trabajadas en exceso de cuarenta (40) horas semanales a los vendedores de automóviles.

A pesar de que la peticionaria no señala[15] como un error cometido por el foro recurrido el haber resuelto esta interrogante en la afirmativa, el tribunal a quo sí cometió dicho error.

Como hemos expresado en numerosas ocasiones, este Tribunal no tiene que limitarse a la consideración de los errores señalados. Es nuestra obligación velar por que se haga justicia a aquella parte que, de acuerdo con nuestro más sano criterio, tiene derecho a ella. *Ríos Quiñones v. Adm. Servs. Agrícolas*, 140 D.P.R. 868 (1996); *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990); *Ab Intestato Marini Pabón*, 107 D.P.R. 433 (1978); *Santiago Cruz v. Hernández Andino*, 91 D.P.R. 709 (1965); *Dávila v. Valdejully*, 84 D.P.R. 101 (1961); *Coll v. Picó*, 82 D.P.R. 27 (1960); *Cruz v. Bruno*, 76 D.P.R. 966 (1954).

La peticionaria, Yiyi Motors, fundamenta su argumento sobre este punto en *Olazagasti v. Eastern Sugar Associa-*

---

[15] Aunque no lo señala como un error cometido, sí discute dicho asunto en su petición y alegato.

*tes*, supra. Allí el asunto trataba de una exención concedida por la sec. 207(c) del F.L.S.A., 29 U.S.C., en la cual se exime del máximo de cuarenta (40) horas en la jornada semanal de trabajo a los patronos dedicados a, entre otras cosas, la conversión de la caña en azúcar. La Ley Núm. 379, *supra*, no disponía dicha exención en ninguno de sus incisos pertinentes. Una de las cuestiones principales discutidas en el caso *Olazagasti v. Eastern Sugar Associates*, supra, fue al efecto de si erró el tribunal inferior al resolver que la exención concedida por la F.L.S.A., mediante dicha sección, fue válidamente dejada sin efecto por la Ley Núm. 379, *supra*.

El Art. 5([16]) de la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 274) disponía al momento de resolverse *Olazagasti v. Eastern Sugar Associates*, supra, pág. 104, que:

"Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares; *Disponiéndose, sin embargo*, que todo patrono de una industria de Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables de Trabajo (*Fair Labor Standards Act*), aprobada por el Congreso de Estados Unidos de América en 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, sólo vendrá obligado a pagar por cada hora de trabajo en exceso de la jornada legal de ocho (8) horas o en exceso de cuarenta (40) horas a la semana un tipo de salario a razón de, por lo menos, tiempo y medio del tipo de salario convenido para las horas regulares, salvo el caso en que por decreto de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado o fijare otra norma de trabajo o de compensación, o de ambas. Para determinar el tipo de salario convenido para horas regulares de trabajo, se dividirá el salario diario, semanal, mensual o en otra forma estipulado, por el número de horas regulares que se trabaje durante ese mismo período de acuerdo con las disposiciones de esta Ley. (Énfasis suplido.)

---

[16] Ahora Art. 6, según renumerado mediante Ley Núm. 83 de 20 de julio de 1995 (29 L.P.R.A. sec. 274).

En *Peña v. Eastern Sugar Associates*, supra, pág. 322 esc. 10, expresamos que:

A virtud del artículo 7(c) de la Ley Federal los patronos en la fase industrial de la industria azucarera no vienen obligados a pagar tiempo extra por las horas trabajadas en exceso de 40 por *ciertos* empleados durante la zafra. ... Pero aquí no se alega que el trabajo del demandante durante la zafra estaba cubierto por la exención de paga extra contenida en la sección 7(c) de la Ley Federal. Aparentemente el demandante es un empleado a quien debe pagarse tiempo extra en exceso de 40 horas durante la zafra a tenor con la Ley Federal. *Por tanto, dejamos para otro día la cuestión de qué efecto, de tener alguno, tuvo el Disponiéndose del artículo 5 de la Ley núm. 379 sobre la exención comprendida en la sección 7(c) de la Ley Federal.* (Énfasis suplido y en el original.)

El obrero querellante en el caso *Olazagasti v. Eastern Sugar Associates*, supra, estaba incluido en la exención establecida por la Sec. 7(c) de la Ley de Normas Razonables de Trabajo, *supra*. Por lo tanto, la cuestión que se dejó pendiente de resolución en *Peña v. Eastern Sugar Associates*, supra, pág. 322 esc. 10, fue resuelta en *Olazagasti v. Eastern Sugar Associates*, supra. En este último caso intercalamos las palabras "cuando la Ley Federal requiera el pago de horas extras" (íd., pág. 107) en el *Disponiéndose* del Art. 5, *supra*. Establecimos que el *Disponiéndose* del Art. 5 de la Ley Núm. 379, *supra*, demostraba "de su propia faz que la Asamblea Legislativa trataba de reenactar [sic] en nuestra ley local la fórmula federal sobre horas extras para paga semanal, en tanto en cuanto la ley local se aplicaba a industrias sujetas a la Ley Federal de Normas Razonables de Trabajo". Íd., pág. 108. Entendimos que este criterio quedó fortalecido por la disposición al efecto de que 'sólo se pagará tiempo y medio", mientras que a tenor con otros artículos de la ley, las industrias locales debían pagar tiempo doble. Dijimos que el uso de la palabra "sólo" hacía que pareciera improbable que fuera la intención legislativa extender la responsabilidad del patrono más allá de lo dispuesto en la ley federal.

Señalamos, además, en *Olazagasti v. Eastern Sugar Associates*, supra, que el historial legislativo de la citada Ley Núm. 379 demostraba que el *Disponiéndose* fue insertado en ella para "atemperar" el estatuto local a la ley federal. Concluimos que la palabra "atemperar" únicamente podía significar que el *Disponiéndose* del Art. 5 de la Ley Núm. 379, *supra*, preceptuaba sustancialmente la misma paga por las horas extras durante la semana regular que la ley federal, incluyendo la exención durante la zafra contenida en el Art. 7(c) de la Ley Núm. 379, *supra*.

Dispusimos que, en virtud del Art. 5, la Ley Núm. 379, *supra*, conservaba, más bien que en efecto eliminaba, la exención relativa a la paga por las horas extras durante la época de zafra contenida en la ley federal, en tanto en cuanto concierne a la semana regular de trabajo. Concluimos que al aprobar la Ley Núm. 379, *supra*, no fue el propósito legislativo conceder a los obreros paga por las horas extras que éstos no tenían derecho a recibir al amparo de la Sec. 7(c) de la ley federal, *supra*. Modificamos la sentencia recurrida a los efectos de eliminar la paga a tiempo y medio por las horas trabajadas en exceso de cuarenta (40) horas semanales durante el tiempo de zafra.[17]

██ Aunque la exención pertinente al caso de autos no surge de la Sec. 7(c) del F.L.S.A., sino de la sec. 213(b)(10)(A), el principio del *Disponiéndose* aplica a esta situación. El Art. 6[18] de la Ley Núm. 379, *supra*, 29 L.P.R.A. sec. 275, es el que dispone para regular el pago de horas extras en Puerto Rico. La norma del *Disponiéndose* de dicho artículo establece que no fue el propósito del legislador puertorriqueño conceder el pago de horas extras a personas a quienes el F.L.S.A. no se lo concedió. Es decir,

---

[17] Por motivo del Decreto Mandatorio Núm. 3 de la Junta de Salario Mínimo, que establecía el pago a tiempo y medio de las horas trabajadas en exceso de cuarenta (40) semanales durante el tiempo muerto, no se modificó la sentencia recurrida en cuanto a la paga por horas extras en tiempo muerto.

[18] Según renumerado.

que el *Disponiéndose* fue insertado en ella para atemperar el estatuto local al F.L.S.A., de forma que la intención fue no extender la responsabilidad de los patronos sujetos a la legislación federal más allá de lo dispuesto en ésta.

■ Aplicando la doctrina anteriormente expuesta al caso de autos, la Ley Núm. 379, *supra*, no es más beneficiosa para los vendedores de automóviles que el F.L.S.A. debido a que la ley local conserva las exenciones establecidas por la legislación federal.

■ Cabe señalar, además, que en *Olazagasti v. Eastern Sugar Associates*, supra, resolvimos también que cuando por convenio colectivo o decreto mandatorio emitido por la Junta de Salario Mínimo de Puerto Rico[19] se haya fijado otra norma de trabajo o compensación más beneficiosa que las dispuestas por ley, son los acuerdos o los decretos los que han de aplicar a esa situación particular.

En *Berríos v. Eastern Sugar Associates*, supra, este Tribunal se enfrentó a una situación similar. El señor Berríos era empleado de Eastern Sugar, empresa cubierta por el F.L.S.A., por estar dedicada al comercio interestatal, y sus labores caían bajo la definición de *marino*, por lo que estaba exento del pago de horas extras según la ley federal en virtud de su sec. 213(a)(3), 29 U.S.C. Luego de citar extensamente a *Olazagasti v. Eastern Sugar Associates*, supra, el tribunal dictaminó que durante el período de zafra las horas trabajadas en exceso de cuarenta (40) debían serle compensadas al empleado tan sólo a tiempo sencillo. Este caso sin duda alguna confirma lo resuelto en *Olazagasti v. Eastern Sugar Associates*, supra, a los efectos de que la ley local no concede mayores derechos que los concedidos por la ley federal a los empleados que trabajan para empresas que se encuentran bajo el ámbito de ésta, conservándose así las exenciones allí establecidas.

---

[19] Véase *Marrero Cabrera v. Caribbean Refining Co.*, 93 D.P.R. 250 (1966), en cuanto al alcance de los decretos mandatorios de la Junta de Salario Mínimo de Puerto Rico.

En *Ortiz Reyes v. Eastern Sugar,* supra, los empleados querellantes reclamaban el pago de las horas trabajadas en exceso de ocho (8) horas diarias a razón de tiempo doble.[20] Los querellantes eran marinos, por lo que se encontraban exentos de la aplicación del F.L.S.A.[21] Reclamaban que, como estaban exentos, no les aplicaba el *Disponiéndose* del Art. 5, *supra,* por lo que esas horas debían serle pagadas a tiempo doble y no a tiempo y medio. El Tribunal estableció que el criterio para la aplicación del *Disponiéndose* es si la industria dentro de la cual el empleado presta servicios está cubierta por el F.L.S.A. por tratarse de actividades del comercio interestatal o de la producción de artículos para el comercio interestatal. Se dictaminó que las labores de los querellantes estaban cubiertas por el F.L.S.A., pero que las disposiciones de dicha ley no le eran aplicables en virtud de la exención establecida por la Sec. 13 de la misma ley, 29 L.P.R.A. sec. 282. Se reiteró la norma de *Olazagasti v. Eastern Sugan Associates,* supra, a los efectos de que la intención legislativa al aprobar el *Disponiéndose* fue que el F.L.S.A. rigiera en Puerto Rico con todas sus disposiciones, incluyendo todas las exenciones provistas en ella, con la excepción de imponerles a los patronos de las industrias cubiertas por la citada ley federal la obligación de pagarles a sus empleados a tiempo y medio las horas trabajadas en exceso de ocho (8) diarias.

En *Trinta v. Tribunal Superior,* supra, págs. 409–410, dijimos:

> Siendo aplicables a la industria azucarera de Puerto Rico las disposiciones de la Ley Federal de Normas Razonables de Trabajo, *Berríos v. Eastern Sugar Associates,* 79 D.P.R. 688 (1956), a base de la discusión sobre la relación entre la Ley Federal, el *Disponiéndose* del Art. 5 y el Decreto Mandatorio Núm. 3 que

---

[20] Aunque la controversia en este caso surgía en torno al pago extraordinario de las horas trabajadas en exceso de ocho (8) diarias, y no de las trabajadas en exceso de (40) semanales, las conclusiones a las que allí arribamos aplican al caso de autos.

[21] Sec. 213(a)(14) del F.L.S.A., 29 U.S.C..

aparece en el caso de *Olazagasti*, supra, resulta que en época de zafra opera en todo su vigor la exención de paga por horas extras de la sección 7(c) de la Ley Federal con respecto a la producción de azúcar crudo .... (Énfasis en el original.)

Nuevamente confirmamos lo resuelto en *Olazagasti v. Eastern Sugar Associates*, supra.

En *Marrero Cabrera v. Caribbean Refining Co.*, supra, págs. 265–266, este Tribunal se expresó a los efectos de que:

... la incorporación del Disponiéndose del Art. 5 de la Ley Núm. 379 respondió al propósito legislativo de "atemperar" la ley local al estatuto federal, de forma que en cuanto al pago de horas extras la responsabilidad de los patronos cubiertos por la Ley Federal de Normas Razonables no se extendiera más allá de lo dispuesto en ésta. Sólo así se lograba colocar a estas industrias en posición de competir, sin estar en desventaja, con empresas establecidas en Estados Unidos dedicadas a las mismas actividades. Cualquier norma más onerosa significaba un certero desaliento para atraerlas al suelo puertorriqueño dentro del entonces incipiente programa de industrialización.

Estas expresiones sirven de fundamento para la norma enunciada en *Olazagasti v. Eastern Sugar Associates*, supra. Si la intención legislativa al aprobar la Ley Núm. 379, *supra*, fue la de equiparar las industrias puertorriqueñas cubiertas por el F.L.S.A. con las foráneas también cubiertas, resulta inverosímil que se le haya querido imponer normas más onerosas en cuanto al pago de horas extras a las empresas exentas por la ley federal.

Los recurridos intentan —infructuosamente a nuestro entender— distinguir el caso *Olazagasti v. Eastern Sugar Associates*, supra, de éste. A esos efectos señalan que *Olazagasti v. Eastern Sugar Associates*, supra, trataba de un empleado expresamente exento del pago de horas extras durante el período de zafra por un decreto mandatorio emitido en virtud de la Ley de Salario Mínimo, por lo que no tenía derecho a recibir el pago por horas al amparo del estado de derecho local. Aunque ciertamente el Tribunal

consideró un razonamiento similar al emitir su decisión, éste no desvirtúa lo resuelto con relación al *Disponiéndose*. En primer lugar, el empleado no estaba expresamente exento del pago de las horas extras; llegamos a esa conclusión mediante una inferencia del hecho de que el decreto mandatorio ordenaba el pago de horas extras para el tiempo muerto, pero no lo hacía para el período de zafra. Lo que no señalan los recurridos es el hecho de que fueron dos (2) los fundamentos esbozados por este Tribunal para llegar a su conclusión, el anterior y el que surge del *Disponiéndose*.

 La Asamblea Legislativa enmendó la Ley Núm. 379, *supra*, mediante la Ley Núm. 33, *supra*, a los efectos de excluir expresamente de las disposiciones sobre jornada diaria y semanal a los empleados dedicados a la venta de automóviles, camiones, equipo pesado y otros vehículos de arrastre. Por haber sido aprobadas estas enmiendas con posterioridad al período en que se reclaman las partidas en controversia, éstas no le aplican al caso de autos.

La Exposición de Motivos de la Ley Núm. 33, *supra*, 1996 Leyes de Puerto Rico 85, 86–87, indica, en lo pertinente, que:

> Entre los grupos de empleados respecto a los cuales se han planteado dudas sobre su inclusión o exención, se encuentran los vendedores de automóviles, camiones y equipo pesado. ... Esta ley federal contiene disposiciones sobre jornada de trabajo y, en lo aquí pertinente, su esquema de aplicación y exenciones son virtualmente idénticas a la ley de Puerto Rico. ...
> Similar acción legislativa se impone en Puerto Rico. Esto es así por cuanto la falta de precisión de la Ley [Núm.] 379, limita las oportunidades de desarrollo de los empleados dedicados a este tipo de ventas ....
> ... De igual forma, a pesar de que por la naturaleza de sus labores deben ser considerados profesionales, la ausencia de requisitos de educación formal ha militado en los tribunales en contra de esa designación.

 Parece indicarse que la intención original del legislador era la de excluir a los vendedores de automóviles

de los beneficios de la Ley de Salario Mínimo. A pesar de ello, nunca se le excluyó de los beneficios expresamente. No obstante, es nuestra labor buscar el verdadero significado de las palabras de nuestra Legislatura, por lo que reiteramos hoy la norma enunciada en *Olazagasti v. Easter Sugar Associates*, supra, a los efectos de que la Ley Núm. 379, *supra*, conserva las exenciones concedidas por el F.L.S.A. Esto no impide que la Legislatura conceda mayores beneficios mediante otra legislación ni que los obreros pacten con sus patronos condiciones de trabajo más beneficiosas.

## V

Es menester señalar que hemos resuelto varios casos en los cuales, aunque citando a *Olazagasti v. Eastern Sugar Associates*, supra, como autoridad, aplicamos una norma distinta. Véase *Pan American v. Tribunal Superior*, supra; *Marrero Cabrera v. Caribbean Refining Co.*, supra. En dichos casos concedimos el pago extraordinario a tiempo doble por las horas trabajadas en exceso de ocho (8) horas diarias y de cuarenta y ocho (48) horas semanales[22] a empleados de industrias cubiertas por el F.L.S.A.

No obstante lo anterior, las enmiendas promulgadas por la Legislatura al Art. 5 de la Ley Núm. 379, *supra*,[23] resuelven este problema. Mediante la Ley Núm. 223 de 23 de julio de 1974 fue enmendado el Art. 5, *supra*, para eliminar de éste la frase "o en exceso de cuarenta (40) horas a la semana". El artículo vigente —renumerado como Art. 6— desde la referida enmienda dispone lo siguiente:

> Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares; *Disponiéndose, sin embargo*, que todo pa-

---

[22] Esta era la jornada semanal legal de trabajo en aquel entonces.

[23] Las cuales son posteriores a los casos discutidos que interpretan el *Disponiéndose* de dicho artículo.

trono de una industria de Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables de Trabajo (*Fair Labor Standards Act*), aprobada por el Congreso de Estados Unidos de América en 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, sólo vendrá obligado a pagar por cada hora extra de trabajo en exceso de la jornada legal de ocho (8) horas un tipo de salario a razón de, por lo menos, tiempo y medio del tipo de salario convenido para las horas regulares, salvo el caso en que por decreto de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado otra norma de trabajo o de compensación, o de ambas. Para determinar el tipo de salario convenido para horas regulares de trabajo, se dividirá el salario diario, semanal, mensual o en otra forma estipulado, por el número de horas regulares que se trabaje durante ese mismo período de acuerdo con las disposiciones de esta ley. (Énfasis suplido.) 1974 (Parte 2) Leyes de Puerto Rico 177, 180.

De la Exposición de Motivos de la Ley Núm. 223, *supra*, surge que el propósito expreso de su aprobación fue fijar la duración de la jornada de trabajo semanal en cuarenta (40) horas, eliminando así el anacronismo que representa la jornada semanal de cuarenta y ocho (48) horas. Véase la Exposición de Motivos de la Ley Núm. 223, *supra*, 1974 Leyes de Puerto Rico 177.

 Es meridianamente claro, sin embargo, que de la manera en que se encuentra redactado el citado Art. 5 en virtud de la referida enmienda, y al analizarlo conjuntamente con el F.L.S.A., en Puerto Rico rigen las normas siguientes para el pago de una compensación extraordinaria para los empleados o las industrias no exentos de la aplicación de las disposiciones referentes al pago de las horas extras de la referida Ley Núm. 379:[24]

1. *Patronos y empleados no cubiertos por el F.L.S.A.*: Tienen la obligación de pagar a sus empleados por cada hora extra trabajada un tipo de salario no menor que el doble del tipo convenido para las horas regulares. Esto incluye las horas trabajadas en exceso de ocho (8) diarias y de cuarenta (40) semanales.

_____

[24] Por disposición de la propia Ley Núm. 379, *supra*.

2. *Patronos y empleados cubiertos, pero no exentos, por el F.L.S.A.*: Tienen la obligación de pagarle a sus empleados por cada hora extra trabajada un tipo de salario no menor de tiempo y medio del convenido para las horas regulares. Ello incluye las horas trabajadas en exceso de las ocho (8) diarias y en exceso de las cuarenta (40) semanales.

3. *Patronos o empleados cubiertos, pero exentos, de las disposiciones del F.L.S.A.*: En virtud de las exclusiones contenidas en el propio estatuto federal, sólo tienen la obligación, en ausencia de convenio colectivo o Decreto de la Junta de Salario Mínimo de Puerto Rico que disponga algún beneficio mayor, de pagarle a sus empleados un tipo de salario no menor de tiempo y medio del convenido para las horas regulares por las horas extras trabajadas en exceso de ocho (8) diarias. No tienen la obligación de pagar extraordinariamente las horas trabajadas en exceso de cuarenta (40) semanales.

Por los fundamentos anteriormente expuestos, *se modifica la sentencia dictada por el Tribunal de Circuito de Apelaciones el 31 de marzo de 1997 para dejar sin efecto el dictamen de que deben pagarse como horas extras las horas trabajadas en exceso de cuarenta (40) horas semanales, y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto. Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita. El Juez Asociado Señor Negrón García se inhibió.